

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2007

# Beckerman v. Susquehanna Police

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Beckerman v. Susquehanna Police" (2007). *2007 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1131

_____

MARK BECKERMAN,
                              Appellant

v.

SUSQUEHANNA TOWNSHIP POLICE and ADMINISTRATION;
KEVIN SCOTT; MICHAEL PETERS; OFFICER JOHN DOE;
ERIC NELSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00349)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 14, 2007

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: November 19, 2007)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

Appellant Mark Beckerman ("Beckerman") appeals from two orders issued by the District Court. The first, dated October 13, 2005, granted a motion for summary judgment filed by defendants Susquehanna Township ("the Township"), Eric Nelson ("Nelson") and Kevin Scott ("Scott"). The second order, dated December 21, 2005, granted a motion to dismiss filed by defendant Michael Peters ("Peters"). This Court has jurisdiction over the consolidated appeal pursuant to 28 U.S.C. § 1291. For the reasons stated below, we will affirm the District Court on all grounds.

## I.     Facts

Beckerman is a resident of Susquehanna Township. Since March of 2000, he has made over thirty complaints to the Township Police Department; many those complaints were related to the behavior of dogs owned by his neighbor, Peters. Three specific incidents involving Beckerman, Peters and the Susquehanna Township Police Department led to the lawsuit that is the subject of this appeal.

Scott, a police officer with the Susquehanna Township Police Department, responded to a complaint made by Beckerman on May 26, 2003. Beckerman informed Scott that while Beckerman was walking his puppy past Peters' home, Peters' dogs ran towards the puppy, and Beckerman feared that they would attack it. Beckerman and Peters subsequently got into an argument about whether Peters had a responsibility to

2

keep his dogs on his property. Beckerman requested that Scott speak to Peters, and Scott advised Peters to control his dogs.

The second incident took place on November 23, 2003, when Peters lodged a complaint about Beckerman with the police department. Peters stated that Beckerman yelled at him to keep his dogs in his yard, although Peters claims that the dogs had not moved. He also stated that Beckerman took photos of Peters' dogs and Peters' daughter; when Beckerman was questioned by Peters about this behavior, Peters claims that Beckerman stated that he was going to kill Peters' dogs. Scott responded to Peters' complaint and, after speaking with both Peters and Beckerman, issued Beckerman a citation for harassment. Following a hearing at which Beckerman was represented by counsel, the citation was subsequently dismissed; the judge in the case admonished Beckerman to avoid further confrontations with Peters.

Finally, on December 18, 2004, Nelson (also a police officer with the Susquehanna Township Police Department) responded to a complaint by Beckerman that Peters' dogs were running wild around the neighborhood. Nelson interviewed Peters' fourteen-year-old daughter, who admitted that she had allowed the dogs to escape from Peters' yard. Upon Beckerman's insistence, Nelson issued a citation against Peters' daughter, and informed Beckerman that there would be a hearing in the matter. Beckerman informed Nelson that he would be bringing an attorney to the hearing;

3

Nelson told Beckerman that it was not necessary that he have an attorney, but Beckerman stated he would bring one nonetheless.

## II.    Procedural History

On February 18, 2005, Beckerman brought a pro se suit against the Susquehanna Township Police Department. Beckerman subsequently retained counsel, and amended his complaint on May 2, 2005 ("First Amended Complaint") to include Scott, Nelson, and Peters. On May 27, 2005, Beckerman filed an updated complaint ("Second Amended Complaint") that added "John Doe" as a defendant. The Second Amended Complaint, brought under 42 U.S.C. § 1983, alleged: (1) that Scott violated Beckerman's "Fourth Amendment rights" to "move about freely unrestricted by unlawful police orders and be free from unreasonable searches and seizures;" (2) that Nelson violated Beckerman's "First Amendment right to access the courts;" (3) that Nelson "violated [Beckerman's] Fourteenth Amendment right to equal protection;" (4) that both Scott and Peters violated Beckerman's right to be free from malicious prosecution. Appellant's Brief at 2. Beckerman also made a supplemental state law claim against Peters, stating that Peters had assaulted Beckerman in violation of Pennsylvania tort law.

The Township, Scott and Nelson (the "Township Defendants") were served in a timely fashion. In response, the Township Defendants filed a motion for summary

4

judgment seeking dismissal of the claims against Scott, Nelson and the Township. That motion was granted by the District Court on October 13, 2005.

Beckerman did not serve Peters until September 2, 2005., 122 days after Peters had been added as a defendant in the case via Beckerman's First Amended Complaint. Peters subsequently filed a motion to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6), and for attorneys' fees pursuant to 42 U.S.C § 1988. On December 21, 2005, the District Court granted Peters' motion pursuant to Fed. R. Civ. P. 12(b)(5); it declined to reach the merits of the 12(b)(6) motion, and thus denied Peters' request for attorneys' fees.

This consolidated appeal followed.[1]

## II.     Discussion

### A.     Summary Judgment Motion

On appeal, Beckerman argues that the District Court erred in granting the Township Defendants summary judgment. We review the District Court's decision de novo. See Sheet Metal Workers' Int'l Assoc. Local 19 v. Herre Bros., Inc., 201 F.3d 231, 239 (3d Cir. 1999); Mortellite v. Novartis Crop Protection, Inc., 460 F.3d 483, 488 (3d

---

[1]   As noted previously, this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. The District Court's dismissal of Beckerman's complaint against Peters is a final order, despite the fact that it was entered without prejudice, as Beckerman is time-barred from re-filing his complaint. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).

Cir. 2006).  Here, a review of the record indicates that the District Court was correct to grant the Township Defendants summary judgment on all counts.[2]

First, Beckerman based his Fourth Amendment claim that Scott prevented him from "mov[ing] about freely unrestricted by unlawful police orders" and engaged in "unreasonable searches and seizures" solely on Scott's statement to Beckerman that he should consider walking his dog on back trails behind his own house, as opposed to on the street near Peters' home.  Appellant's Brief at 2.  As the District Court duly noted, such a statement, standing alone, does not constitute a "seizure" within the meaning of the Fourth Amendment.  An individual is "seized" for Fourth Amendment purposes only when his or her general freedom of movement is restrained by physical force or a show of authority to the extent that a reasonable person "would have believed he [or she] was not free to leave." U.S. v. Mendenhall, 446 U.S. 544, 553-54 (1980).  The record here does not support the finding that a reasonable person would have considered Scott's statement, which consisted of a suggestion about how Beckerman might avoid future conflict with his neighbor, as a restriction on Beckerman's freedom of movement.  In addition, the District Court was correct to point out that Beckerman's claim that Scott violated his Fourth Amendment "right to travel" cannot be sustained, as no such right exists.

---

[2] As Beckerman does not challenge on appeal the District Court's finding that Scott did not violate Beckerman's right to be free from malicious prosecution, we consider any argument related to that claim to be waived.

Second, Nelson's statement to Beckerman that Beckerman did not need to bring a lawyer to the citation hearing for Peters' daughter did not constitute a violation of Beckerman's First Amendment right to access the courts.[3] To demonstrate that a person has been denied access to the courts, he or she must "demonstrate that a defendant caused 'actual injury'. . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Here, the record indicates that Beckerman was not denied access to the hearing or prevented from bringing an attorney; Nelson simply stated that it was not necessary for Beckerman to have an attorney present, and Beckerman allegedly replied that he would bring an attorney anyway. Beckerman's claims that he was "intimidated" by Nelson, and that he did not bring a lawyer to the hearing out of "fear," are impossible to square with the content of Nelson's statement. Those claims are also difficult to reconcile with the fact that Beckerman was well aware

_____

[3] Both the Township Defendants and the District Court mistakenly state that Beckerman could not have been denied "access to the courts" because he did in fact have counsel present at "the hearing." See Beckerman v. Susquehanna Township, et. al, No. Civ. 1:CV-05-0349, 2005 WL 2591809 at *3 (M.D. Pa. Oct. 13, 2005); Township Defendants' Appellee Brief at 14-15. However, there were two hearings that took place during the course of the events that led to this lawsuit: (1) the hearing at which a citation against Beckerman was dismissed following the 2003 incident in which Beckerman allegedly harassed Peters and threatened to kill Peters' dogs; and (2) the hearing at which Peters' daughter was issued a citation for the 2004 incident where Peters' daughter allowed Peters' dogs to roam the neighborhood. It is clear that Beckerman was represented by counsel at the hearing for the 2003 incident (where the citation against Beckerman was dismissed); however, nothing in the record indicates that Beckerman brought an attorney to the 2004 hearing involving Peters' daughter (and Beckerman asserts that he did not).

7

of his ability to bring an attorney to such a hearing; in fact, the prior year Beckerman had employed an attorney at a similar hearing in a successful bid to have a citation issued against him dismissed. Consequently, the record indicates that Beckerman suffered no "actual injury" that could constitute a violation of his right to access the courts.

Finally, it is clear that Beckerman did not articulate facts that would support his equal protection claim (premised on a "class of one" theory), as there is simply no evidence in the record to suggest that Beckerman was "intentionally treated differently" by the township than others who lodged complaints about their neighbors. See, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

## B.  Motion to Dismiss

Beckerman also asserts that the District Court erred in granting Peters' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). Our review of the District Court's dismissal is plenary. See Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992).

As noted above, Beckerman served Peters with a copy of the complaint 122 days after the First Amended Complaint (which was the first version of the complaint to list Peters as a defendant) was originally filed, and two days past the statutory 120-day deadline. See Fed. R. Civ. P. 4(m). Beckerman did not dispute that the complaint was served in an untimely manner; instead, he sought an extension from the District Court, which may be secured in cases where a plaintiff can demonstrate "good cause." See, e.g., Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 2005).

8

Here, the District Court was correct to find no good cause to excuse Beckerman's failure to timely serve the complaint on Peters. Beckerman claims that Peters attempted to evade Beckerman's attempts to serve him. However, as the District Court noted, Beckerman provided no evidence to support this assertion other than unsigned affidavits which reflect that Beckerman attempted to serve Peters a few times at the beginning of the service period, and again at the end of the service period. The record does not demonstrate that Beckerman made consistent efforts to serve Peters, who lived across the street from Beckerman, throughout the service period. Moreover, there is no evidence that Beckerman advised the District Court during the service period of any difficulties he may have had in serving Peters; nor did Beckerman seek an extension of the service period prior to its expiration. Consequently, we find that the District Court did not err in dismissing the complaint against Peters based on its determination that Beckerman did not demonstrate good cause for failing to timely serve Peters.

## IV. Conclusion

For the reasons set forth above, we will AFFIRM the October 13, 2005 and December 21, 2005 orders of the District Court.