Lydia COLOMBO, Plaintiff–Appellant,

v.

Raymond O'CONNELL, Defendant–Appellee.

Docket No. 02–7170.

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 2002.

Decided Nov. 4, 2002.

Norman A. Pattis, New Haven, CT, for Plaintiff–Appellee.

Richard Buturla, Berchem, Moses & Devlin, Milford, CT, for Defendant–Appellant.

Before: WINTER and CABRANES, Circuit Judges, and JONES,* District Judge.

PER CURIAM. .

Plaintiff Lydia Colombo ("Colombo") brings this action pursuant to 42 U.S.C. § 1983 against the defendant, Raymond O'Connell ("O'Connell"), the Superintendent of Schools for the Town of Stratford, claiming that O'Connell violated her First Amendment right to free speech. The violation, Colombo claims, occurred when

O'Connell threatened to sue her civilly for libel after she filed a petition for a recall vote of the Town of Stratford Board of Education that alleged " 'illegal and unethical behavior on the part[ ] of [O'Connell].' " *Colombo v. O'Connell,* 2001 WL 1682575, at *1 (D.Conn. December 27, 2001) (slip.op.) (quoting Def.'s Mem. of Law in Supp. of Mot. for Summ. J., Ex. A).

The District Court held that Colombo did not allege any facts demonstrating injury to—or indeed, any affect whatsoever on—Colombo's exercise of her free speech rights, and granted summary judgment to the defendant. Colombo's counsel does not contend that summary judgment was inappropriate because of the existence of any disputed material issue of fact or because the District Court's judgment is inconsistent with the law of our Circuit. Indeed, counsel does not allege any legal error by the District Court. Rather, he invites us to convene an *en banc* court to overrule our precedents and dispense with our requirement that a state actor cause a party to suffer some actual injury to his or her First Amendment rights before that party has standing to pursue a Section 1983 claim on the grounds that his or her First Amendment rights have been injured. We decline this invitation to recommend to our colleagues that we convene an *en banc* court in order to adopt the plaintiff's proposal that parties who have suffered no harm . nevertheless should have standing.

\* \* \* \* \* \*

We review *de novo* a grant of summary judgment. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,*

---

* The Honorable Barbara S. Jones, of the Southern District of New York, sitting by designation.

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir.2000). In assessing the record to determine if such issues exist, all ambiguities must be resolved and all inferences drawn in favor of the nonmovant. *Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 514 (2d Cir.2001).

■ To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights—in other words, there is an injury requirement to state the claim. *Spear v. Town of W. Hartford*, 954 F.2d 63, 67 (2d Cir.1992). In this case, Colombo need not show that she was silenced by O'Connell's threatened suit—the First Amendment protects the right to free speech so far as to prohibit state action that merely has a chilling effect on speech. *Laird v. Tatum*, 408 U.S. 1, 12–13, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972) (stating that "constitutional violations may arise from the deterrent, or 'chilling' effect of governmental regulations that fall short of a direct prohibition against the exercise of First Amendment rights."); *cf. Levin v. Harleston*, 966 F.2d 85, 89–90 (2d Cir. 1992) (holding university's implicit threats of future censure against faculty sufficient to violate First Amendment rights).

■ However, to sustain her claim, Colombo is required to show that the defendant's actions had some actual, non-speculative chilling effect. *Spear*, 954 F.2d at 67–68. Because Colombo testified in her deposition that her speech was not restricted in fact by O'Connell's letter, that she "still felt free to speak up about whatever she wanted to say" after receiving O'Connell's letter, *Colombo*, 2001 WL 1682575, at *1 (citing Colombo Dep. at 11), and alleged no actual affect on the exercise

of her First Amendment rights at all, Colombo's claim fails.

*Spear*, which presented another Section 1983 claim against a Connecticut town for violating a resident's First Amendment rights, is illustrative of our jurisprudence on this question. In *Spear*, a resident of the Town of West Hartford claimed that the Town had violated his First Amendment rights when it instituted a lawsuit against him. 954 F.2d at 63. We affirmed the district court's dismissal of Spear's claim on the grounds that Spear had failed to state a claim because he had not alleged an actual chilling effect and admitted that he had not changed his behavior at all as a result of the town's actions. *Id.* at 68. Absent any injury, we concluded, the plaintiff lacked standing. *Id.; cf. Mozzochi v. Borden*, 959 F.2d 1174, 1178–80 (2d Cir.1992) (holding, in qualified immunity context, that no constitutional deprivation occurred where plaintiff's speech undisputedly was not inhibited by town's filing and prosecution of criminal charges); *cf. also Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1060–61 (2d Cir.1991) (holding insufficient for standing a subjective fear of prosecution as grounds to establish chilling effect, where allegations are unsubstantiated and record presents evidence to the contrary).

■ Even if Colombo had alleged an actual chilling effect, her claim still would fail because O'Connell was not acting under color of state law when he threatened to sue her. A plaintiff fails to state a claim under Section 1983 where the plaintiff does not sufficiently allege that the defendant acted under color of state law. *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir.1997) (holding that the sufficiency of a color-of-law allegation is to be tested under Fed.R.Civ.P. 12(b)(6); rejecting the position adopted by several other circuits that the color-of-law allegation is jurisdictional). An official "acts under color of state law"

for Section 1983 purposes when the official exercises a power "possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *Id.* (quoting *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

O'Connell privately retained a lawyer to write a letter to Colombo stating that O'Connell would sue Colombo privately if she did not retract the statements about him that he alleged were libelous. He exercised no special powers " 'possessed by virtue of state law,' " nor were his actions made possible "only because [he was] clothed with the authority" of state law. *Monsky,* 127 F.3d at 245 (quoting *West,* 487 U.S. at 49, 108 S.Ct. 2250). Colombo does not claim on appeal that O'Connell acted in an official capacity, nor that he employed or abused any power of his office. In fact, counsel for Colombo fails entirely even to claim on appeal that O'Connell acted under color of state law in his capacity as an officer of the state. Thus, Colombo has failed to state a claim under Section 1983.

 In fact, far from O'Connell being foreclosed from bringing suit against Colombo in his private capacity, the right of a private individual " ' "to sue and defend in the courts" is itself protected by the First Amendment because it is the "right conservative of all other rights [which] lies at the foundation of orderly government," ' " *Baker v. F and F Inv.,* 470 F.2d 778, 784 (2d Cir.1972) (quoting *Chambers v. Baltimore & Ohio R. Co.,* 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143 (1907) (alteration in original)). It is well-established "that public employees do not check all of their

First Amendment rights at the door upon accepting public employment." *Lewis v. Cowen,* 165 F.3d 154, 158 (2d Cir.1999). O'Connell, therefore, had no obligation to refrain from suing Colombo privately merely because he currently serves as the Superintendent of Schools of the Town of Stratford, nor did he violate her First Amendment rights by doing so.[1]

Taken together, counsel for Colombo's positions that (i) a plaintiff should have standing under Section 1983 where the plaintiff cannot allege any harm from the defendant's actions, and (ii) that any individual employed by the state bears Section 1983 liability for private actions he or she did not undertake under color of state law, would result in a regime in which individuals employed by the state would be liable under Section 1983 for their private and harmless acts.

The judgment of the District Court is **AFFIRMED,** substantially for the reasons stated by Judge Hall in her Ruling of December 27, 2001 on the defendant's motion for summary judgment.

---

1. O'Connell's letter to Colombo requesting that she retract her allegedly libelous statements, although protected independently as an exercise of free speech, also enjoys a protection derivative of that accorded to the right

to sue because, under Connecticut law, a party is required to request a retraction of the offending statements before he or she may claim certain damages in an action for libel. Conn. Gen.Stat. § 52–237 (1991).