**Barry L. BOSSHOLD, Plaintiff–Appellant,**

v.

**Brian S. VLIEG, Employment Readiness Specialist, Willie A. Hammett, Vice President for Student Services, Defendants–Appellees,**

Member Three, Probable Cause Board, 1999, John L. Buono, Hudson Valley Community College, Member One, Probable Cause Board, 1999, Member Two, Probable Cause Board, 1999, Defendants.

**No. 04–0378.**

United States Court of Appeals, Second Circuit.

Dec. 3, 2004.

Barry L. Bosshold, Hoosick Falls, NY, for Appellant, pro se.

Vincent E. Polsinelli, Nixon Peabody LLP (Andrew C. Rose, on the brief), Albany, NY, for Appellee.

Present: WALKER, Chief Judge, SACK, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Barry L. Bosshold appeals from an order of December 4, 2003 of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*), dismissing his complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6). Familiarity with the facts and procedural background is assumed. We affirm.

On appeal, Bosshold challenges the district court's conclusions that (1) his claims

were time-barred, and (2) in any event, he had failed to state a claim. Both arguments are without merit. First, all of Bosshold's claims were time-barred, *see Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). Second, even if his claims were not time-barred, they were not sufficiently alleged. Bosshold does not allege actual injury as to his First Amendment claim. *See Colombo v. O'Connell,* 310 F.3d 115, 117 (2d Cir.2002). His allegations of harassment and "false allegations" do not constitute cognizable claims under 42 U.S.C § 1983. *See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *overruled on other grounds, Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Finally, Bosshold fails to allege class-based discriminatory animus. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Mian,* 7 F.3d at 1087. His complaint was therefore properly dismissed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**