Nancy OSTENSEN, Plaintiff–Appellant,

v.

SUFFOLK COUNTY, Suffolk County Police Department, Thomas G. Gallagher, P.O., Does 1–10, Patricia Capucci, Rosemary Knecht, Defendants–Appellees.

No. 05–4456–cv.

United States Court of Appeals, Second Circuit.

May 23, 2007.

Phillip J. Dinhofer, New York, NY, for Plaintiff.

Christopher A. Jeffreys, Assistant County Attorney for Christine Malafi, Suffolk County Attorney, Hauppage, NY. Rosemary Knecht (pro se), Sayville, NY. Patricia Capucci (pro se), Selden, NY, for Defendants.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Nancy Ostensen appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*) granting summary judgment in favor of all defendants as to Ostensen's claims under 42 U.S.C. § 1983 of numerous constitutional violations and claims under New York State law. We assume the parties' familiarity with the facts, procedural background and issues presented for review.

On appeal, Ostensen only challenges the district court's judgment as to her § 1983 claims for unreasonable search and seizure and for violation of due process. All her other federal and state law claims, therefore, are deemed abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

We review a grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party. *Russo v. City of Bridgeport,* 479 F.3d 196, 203 (2d Cir.2007). "We will affirm the district court's grant of summary judgment only if, taking all of plaintiff's evidence as true and drawing all inferences in plaintiff's favor, we find that no reasonable juror could conclude that [Ostensen] has established that the defendants violated [her] constitutional rights under circumstances subjecting them to liability under § 1983." *Id.* Nevertheless, in opposing a motion for summary judgment, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998).

■ To sustain a § 1983 claim, a plaintiff must show that the defendants acting under color of law deprived the plaintiff of a constitutionally protected right. *See Colombo v. O'Connell,* 310 F.3d 115, 117 (2d Cir.2002) (per curiam). Ostensen alleges that Suffolk County police officer Gallagher assisted and conspired with private citizens Patricia Capucci and Rosemary Knecht to burglarize her residence and unlawfully seize her possessions. At the time of this incident, Capucci and Knecht were involved in a dispute with Ostensen over the rightful possession of the house, where Ostensen and Ernest Capucci—Knecht's brother and Capucci's estranged husband—were living at the time of Mr. Capucci's death. Since Mr. Capucci died intestate, leaving his children as sole heirs, and since defendant Capucci executed a settlement agreement where she relinquished her interest in the property, neither Ostensen, Capucci, nor Knecht had ownership of the property at the time of this incident.

As Officer Gallagher did not illegally enter the property or participate in the alleged removal of Ostensen's possessions, he cannot be liable under § 1983 based on any direct involvement. *See Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal citation omitted)). Ostensen's argument that Gallagher was the "outside" man in the commission of the

"burglary", and therefore a direct participant, is entirely speculative and unsupported by the record.

■ The remaining basis for liability under § 1983 is that the private defendants and Gallagher "acted in concert." *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 n. 6, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) ("[T]he acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors."); *see Ciambriello v. County of Nassau,* 292 F.3d 307, 323–24 (2d Cir.2002) (observing that under § 1983, a plaintiff must allege an injury either by a state actor or by a private party acting as "a willful participant in joint activity with the State or its agents") (internal citations and quotation marks omitted). Although Ostensen alleges that an unlawful conspiracy existed between Gallagher and the private defendants, the record is devoid of any evidence that could establish the existence of a conspiracy.

To survive summary judgment on a § 1983 conspiracy claim, Ostensen must show "(1) an agreement between ... a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir.1999).

Ostensen submits that the first two elements of conspiracy could be inferred from (1) Gallagher's meeting with Capucci on the morning of the conduct at issue and (2) Gallagher's actions in responding to Ostensen's 911 call. We cannot agree. While Gallagher did meet with Capucci on the morning of the incident, the record shows that the meeting was in response to a complaint about a separate criminal incident. Thus, Ostensen's claim that Gallagher had prior knowledge of Capucci's and Knecht's plan to enter Ostensen's residence is "unsubstantiated speculation," insufficient to show that a genuine factual issue exists. *Scotto,* 143 F.3d at 114 (quoting *Wright v. Coughlin,* 132 F.3d 133, 137 (2d Cir.1998)).

■ Ostensen further submits that, upon arriving at the scene, Gallagher prevented her from entering the home, did not stop Capucci and Knecht from removing her property, and allowed them to change the locks on the house in dispute. We agree with the district court that these events were insufficient to support an inference that Gallagher acted in concert with Capucci and Knecht. *See Scotto,* 143 F.3d at 114–115 (holding that routine contact between private citizens and state actors was insufficient to establish an inference of impropriety); *see also Dwares v. New York,* 985 F.2d 94, 99 (2d Cir.1993) (state actor's failure to act on citizen complaint not a violation of due process). Summary judgment was therefore appropriate with respect to all the individual defendants, and, absent any viable claims against them, Ostensen's municipal liability claim against Suffolk County must also be dismissed, *see Escalera v. Lunn,* 361 F.3d 737, 749 (2d Cir.2004) (holding that a county was entitled to summary judgment where the claims against the individual defendants had failed).

For the foregoing reasons, we AFFIRM the district court's judgment.