**Victor A. DEPONCEAU,
Plaintiff–Appellant,**

v.

**George W. BUSH, President of the United States of America and Individually, Dick Cheney, Vice President of the United States of America and Individ-**

---

ually; George E. Pataki, Governor; Frances Holmes, Immigration and Naturalization Service District Director; J. Scott Blackman, Regional Director; Ed Newman, Department of Justice Adjudication Supervisor; Kevin Ryan, Special Agent; Stephen C. Troung, Investigator; Steven Monroe, Investigator; Paul E. Novak, Freedom of Information Supervisor; Linda Hartmen, Adjudication Officer; Ann Marie Taddeo, Family Court Judge; Joyce Lasch, Court Assistant; Sarah T. Sennett, Court Assistant; Thomas M. Vanstrydonck, Supreme Court Judge; John Ark, Supreme Court Judge; John Nacca; Richard A. Kaul, Esq.; Glenn R. Morton, Judicial Hearing Officer; Xiao Fen Deponceau, a/k/a Xiao Fen Wang, a/k/a Cathy Wang, a/k/a Alexandra W. DePonceau; Sir John Aird, Christopher W. King, a/k/a Jianjun Sun, Lewis Leeder, Esq.; Robert Lunn, Supreme Court Judge, Defendants–Appellees.

No. 02–6282.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2003.

Victor A. Deponceau, Rochester, NY, for Plaintiff–Appellant.

Present: CARDAMONE, MINER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Victor A. DePonceau, *pro se,* filed this 42 U.S.C. § 1983 action against numerous defendants, including high-level federal and state officials, several state court judges and their administrative staff, Department of Justice officials and agents, DePonceau's former wife Xiao DePonceau, her brother, her attorneys, and others. He claims that the defendants violated his constitutional rights in connection with his divorce proceedings in New York State Family Court and Supreme Court.

As the district court (Telesca, *C.J.*) found, most the plaintiff's claims are barred by the *Rooker–Feldman* doctrine, which shields state court determinations from challenge through a § 1983 action. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). To the extent that the plaintiff's arguments concern matters not covered by, or inextricably intertwined with, state court proceedings, they either (1) are barred by the absolute immunity attaching to judges who are acting within their jurisdiction, *see Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Shain v. Ellison,* 273 F.3d 56, 61 (2d Cir.2001); (2) deal with parties about whom there is no evidence of involvement in the alleged violations; or (3) concern individuals who are neither state actors, nor acting under color of state law, *see Colombo v. O'Connell,* 310 F.3d 115 (2d Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1750, 155 L.Ed.2d 512 (2003).

We have considered all of the appellant's arguments and find them to be without merit. Accordingly, we AFFIRM. All of the appellant's outstanding motions are hereby DENIED.