09-3774-cv
Tylicki v. Schwartz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - -X

Raymond Tylicki,

> *Plaintiff-Appellant,*

> -v.-                                         09-3774-cv

John R. Schwartz,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Raymond Tylicki, *pro se*, Buffalo, New York.

FOR APPELLEE:                    Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Frank Brady, Assistant Solicitor General, Albany, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Raymond Tylicki, *pro se*, appeals from the August 20, 2009 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) dismissing his complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On appeal, Tylicki raises only his First and Ninth Amendment claims, and he has therefore abandoned the other claims raised in his complaint. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

As the district court properly found, Tylicki's contention that Schwartz violated his right to privacy by creating police records containing false information, and distributing this false information, fails to allege a violation of a constitutional right. The Supreme Court has recognized that "a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution." *Roe v. Wade*, 410 U.S. 113, 152 (1973). However, aside from Fourth Amendment issues, the right to privacy has been found to encompass "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Paul v. Davis*, 424 U.S. 693, 713 (1976). Tylicki's claim does not fit within the

privacy interests given constitutional protection. *See id.* (rejecting plaintiff's claim that the Constitution prohibited disclosure of his arrest).

Tylicki also claims that Schwartz retaliated against him for exercising his First Amendment rights. A private citizen alleging retaliation must demonstrate that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). The complaint failed to allege that Schwartz's actions were motivated by Tylicki's exercise of his First Amendment rights. His allegation that Schwartz began investigating him only after he publicly criticized the State University of New York at Binghamton is not properly before this Court as it was not raised in the district court. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) ("In general we refrain from passing on issues not raised below.").

In any event, Tylicki has alleged no facts indicating that Schwartz's actions have "effectively chilled" the exercise of his First Amendment right. He has not contended that, as a result of Schwartz's actions, he stopped pursuing his other legal claims against the university, refrained from going to the university, or that Schwartz's actions have inhibited his speech in any way. *See Curley*, 268 F.3d at 73 ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."); *see also Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (noting that plaintiff must "show that the defendant's actions had some actual, non-speculative chilling effect").

Finally, although generally a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, amendment would likely be futile as it does not appear that Tylicki has any viable federal claims that could be brought if permitted to amend the complaint. *See id.* (finding leave to replead would be

3

futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

We have considered all of the appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4