10-882-cv
Zherka v. DiFiore

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand eleven.

Present:    RALPH K. WINTER,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

SELIM ZHERKA, WESTCHESTER GUARDIAN, INC.,

                *Plaintiffs-Appellants*,

                - v. -                    No. 10-882-cv

JANET DIFIORE, COUNTY OF WESTCHESTER,

                *Defendants-Appellees.*

_____

For Plaintiffs-Appellants:          RORY J. BELLANTONI, Lovett & Bellantoni, LLP, Hawthorne, NY

For Defendants-Appellees:           DAVID S. POPPICK (Kathryn E. White, *on the brief*), Epstein, Becker & Green, PC, Stamford, CT

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Westchester Guardian, Inc. ("*The Guardian*") and its publisher, Selim Zherka, appeal from a final judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), entered February 11, 2010, granting defendants' motion for summary judgment.[1] Plaintiffs allege that Janet A. DiFiore, who is the District Attorney for Westchester County, called Zherka from her private cell phone to complain about an article published in his newspaper and that this complaint chilled the newspaper's publication of subsequent articles involving DiFiore or her husband personally and inflicted emotional distress on Zherka. Plaintiffs brought suit alleging a single cause of action pursuant to 42 U.S.C. § 1983 for violation of their rights under the First Amendment.

"We review *de novo* a district court's grant or denial of summary judgment," construing the evidence "in the light most favorable to the party against whom summary judgment is sought." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict in favor of

---

[1] Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment pursuant to Rule 56. Because the district court considered matters outside the pleadings, pursuant to Rule 12(d), it properly treated the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

the party against which summary judgment is contemplated." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178-79 (2d Cir. 2008).

To sustain a claim brought under 42 U.S.C. § 1983, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a constitutional right. *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002). "An official acts under color of state law for Section 1983 purposes when the official exercises a power possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *Id.* at 117-18 (internal quotation marks omitted). In conducting this injury, courts often look to the nature of the individual's act as well as the individual's official status. *See, e.g.*, *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994). Crediting Zherka's version of the conversation between him and DiFiore, in which he claims she first identified herself as the district attorney, we agree with the district court's conclusion that "[t]here is no indication that [DiFiore] intended to, or did, exercise any 'power possessed by virtue of state law.'" Spec. App'x 10. *Compare, e.g.*, *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997) (concluding that a judge acted under color of law because his actions were enabled by his "judicial status"); *see also United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (finding that an officer acted under color of law because he "did more than simply . . . identify himself as a police officer," and "the air of official authority pervaded the entire incident").

Even assuming, *arguendo*, that a genuine issue of material fact exists as to whether DiFiore acted under color of law, plaintiffs' claim fails because they lack standing to sue on First Amendment grounds as they are unable to demonstrate any actual injury as a result of DiFiore's call to Zherka. Under the First Amendment, a plaintiff must show more than a mere subjective

3

"chilling" effect on his speech. *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) (holding that "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm" for purposes of establishing Article III standing). As such, a plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury as result of [the defendant's] official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1060 (2d Cir. 1991) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)) (internal quotation marks omitted); *see also Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008) (holding that to prove a deprivation of free speech, plaintiff must "come forward with evidence showing either that (1) defendants silenced him or (2) defendants' actions had some actual, non-speculative chilling effect on his speech" (alteration and internal quotation marks omitted)).

Relying on *Spear v. Town of West Hartford*, 954 F.2d 63 (2d Cir. 1992), plaintiffs argue that by alleging that they declined to publish articles about DiFiore for a certain period of time after the phone call and thereafter publishing only "muted" articles, they have established a requisite concrete chilling effect. However, the district court noted that shortly after the phone call, plaintiffs continued to publish articles criticizing DiFiore and her office, and then, beginning in March 2008, a year after the March 21, 2007 phone call, Zherka's newspaper began attacking DiFiore personally. Indeed, the record confirms that the first article critical of DiFiore and her office appeared less than a month after the telephone conversation that purportedly chilled plaintiffs' speech. Thus, the district court did not err in concluding that plaintiffs' claim of a chilling effect was purely subjective and that plaintiffs have provided no objective evidence

4

of a reasonable fear of prosecution. *See Bordell*, 922 F.2d at 1060-61. As the undisputed facts make clear, Zherka and *The Guardian* continued to exercise their First Amendment rights and have not in any way demonstrated how the articles they published would have been more critical of DiFiore and her office in the absence of any perceived threat. *See, e.g.*, *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech.").

In addition, Zherka argues that he suffered emotional distress that provides an independent basis for standing for his First Amendment claim. Plaintiffs failed to raise this argument below in opposition to the summary judgment motion and thus have effectively waived it on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration and internal quotation marks omitted)).

Finally, plaintiffs also named the County of Westchester ("Westchester County") as a defendant, and for purposes of section 1983, municipalities are "persons" that may be held liable if a plaintiff proves the municipality violated a federally protected right through (1) municipal policy, (2) municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Having concluded that plaintiffs failed to establish any constitutional injury, no municipal liability attaches. Even if DiFiore were found to have violated plaintiffs' First Amendment rights, however, plaintiffs have failed to establish that DiFiore's call to Zherka was made pursuant to a municipal "policy." Although a single act by a final policymaker may, under certain circumstances, constitute a "policy" that would subject the municipality to liability, *see*

5

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986), section 1983 liability can only attach where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question," *id.* at 483. That is, "a 'policy' giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Here, drawing all reasonable inferences in favor of plaintiffs, the district court properly concluded that DiFiore's action did not constitute a deliberate act of policymaking that would subject Westchester County to liability.

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6