14-4666-cv
Pacherille v. Muehl et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand fifteen.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------

TONY PACHERILLE,

*Plaintiff-Appellant,*

v.                                                      No. 14-4666-cv

JOHN MUEHL, individually and as District Attorney of Otsego County, and SR. INV. MICHAEL TEN EYCK, individually and as a member of the Otsego County Sheriff's Department,

*Defendants-Appellees.\**

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

1

FOR PLAINTIFF-APPELLANT: Frank Policelli, Law Office of Frank Policelli, Utica, NY

FOR DEFENDANTS-APPELLEES: Gregg T. Johnson, Lemire, Johnson & Higgins, LLC, Malta, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tony Pacherille appeals from an order of the United States District Court for the Northern District of New York (McAvoy, J.) granting the defendants' motions to dismiss. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2012 Pacherille was arrested and charged with aggravated harassment in the second degree in violation of New York Penal Law § 240.30(1)(a). After the charge against him was dismissed, Pacherille filed suit asserting § 1983 claims against Otsego County District Attorney John Muehl, Senior Investigator Michael Ten Eyck of the Otsego County Sheriff's Department, and other defendants no longer part of this appeal. The defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c).

Based on our de novo review of the allegations in the complaint, we agree with the District Court that Muehl and Ten Eyck are entitled to qualified immunity for their actions. Law enforcement officers are protected by qualified immunity if (1) their "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or (2) it was "objectively reasonable for [them] to believe that [their] actions were lawful at the time of the challenged act," Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (quotation marks

2

omitted).   Muehl is further "entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process," Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (quotation marks omitted), including the filing of a criminal information, see Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011).

In this case, Muehl and Ten Eyck are entitled to qualified immunity for Pacherille's claims arising from the search and arrest warrants.   The warrants were issued by a neutral magistrate and supported by probable cause to believe Pacherille violated New York Penal Law § 240.30(1)(a) as it existed in 2011 and 2012.   See Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 (2012).   It is true that the statute was subsequently struck down as unconstitutional under the First Amendment.   See People v. Golb, 23 N.Y.3d 455, 468 (N.Y. 2014).   But at the time Muehl and Ten Eyck obtained the search and arrest warrants in this case, it was objectively reasonable for them to conclude that they could rely on written communications—in this case, the posting of a website—to establish probable cause for the warrants.

We have considered all of Pacherille's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3