*Boyler v. City of Lackawanna*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge*,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*.

_____

SCOTT A. BOYLER,

                *Plaintiff-Appellant*,

        v.                                                          No. 18-839

CITY OF LACKAWANNA, JOSEPH LEO, individually and in his official capacity as Captain of the City of Lackawanna Police, BRIAN LAKSO, individually and in his official capacity as a City of Lackawanna Police Detective,

                *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                            JAMES OSTROWSKI, Buffalo, NY.

1

For Defendants-Appellees:                    JULIE P. APTER, Goldberg Segalla LLP,
                                             Buffalo, NY.


Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Scott Boyler appeals the district court's grant of summary judgment to defendants-appellees City of Lackawanna, Captain Joseph Leo, and Detective Brian Lakso on his claims under 28 U.S.C. § 1983 and New York state law for violation of his free speech rights, malicious prosecution, and false arrest.[1] We assume familiarity with the underlying facts, the procedural history, and the issues presented for review. Nevertheless, some background is required to explain our decision to affirm.

Boyler has had a long history with the City of Lackawanna Police Department. He was arrested at least twice by its officers. Captain Leo was involved in both instances. Boyler claims that, during one of these arrests, Captain Leo illegally confiscated some of his personal belongings. In response to these interactions, Boyler created both a website and a related Facebook page. Boyler posted photos and derogatory descriptions of Captain Leo on these sites, as well as complaints about corruption in the police department and at City Hall.

---

[1] Several of the claims Boyler pressed below have dropped out of the case. Boyler makes no mention in his briefs of his § 1983 claim for failure to prevent unconstitutional acts, or of his causes of action for assault and battery. He has therefore waived these claims. *See Friends of Animals v. Clay*, 811 F.3d 94, 99 n.8 (2d Cir. 2016). Boyler likewise does not challenge the district court's conclusion that the Eleventh Amendment bars any damages claims against the individual defendants in their official capacities.

An individual from outside the police department informed Captain Leo—who did not use the Internet—that Boyler was posting statements about him and the Lackawanna Police on Facebook. Captain Leo approached Detective Lakso with a screenshot of Boyler's website, expressing concern that the site was targeting him and could lead someone to threaten his safety. Detective Lakso prepared a police report and an Information/Complaint based on the information that Captain Leo provided and additional information Detective Lakso found online. The complaint was submitted to a Lackawanna City Court judge, and the judge issued an arrest warrant for Boyler on January 3, 2014 on the charge of second-degree aggravated harassment. On May 13, 2014, the New York Court of Appeals held that the provision under which Boyler had been charged was unconstitutionally vague and overbroad. *See People v. Golb*, 15 N.E.3d 805, 814 (N.Y. 2014). Prosecutors therefore dismissed Boyler's case. This federal action followed.

We review *de novo* a district court's grant of summary judgment, viewing the facts in the light most favorable to the nonmoving party. *See Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) (per curiam). We "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014).[2]

Boyler first asserts that the harassment charge against him violated his speech rights under the First and Fourteenth Amendments. Even assuming his rights were violated, however, we find that Boyler has failed to show sufficient injury to bring his § 1983 claim. "To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights—in other words, there is an injury

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

requirement to state the claim." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (per curiam). To avoid summary judgment, Boyler "must come forward with evidence showing either that (1) defendants silenced him or (2) defendants' actions had some actual, non-speculative chilling effect on his speech." *Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008).

There is no such evidence in this case. "It is abundantly clear from the record that [Boyler's] readiness to hold forth on his perceived mistreatment at the hands of [the defendants] was unimpaired by their allegedly punitive conduct." *Id.* Boyler testified in his deposition, over eighteen months after his arrest, that he continued to post about the City and Captain Leo. The record shows that he posted numerous times throughout 2015 about Captain Leo, the criminal harassment case filed against him, the instant civil case, and the supposed corruption in the City's government and police department. Boyler continued to use the same obscene language to describe Captain Leo and the police force that he had used before his arrest. Indeed, when asked during his deposition how his speech rights were violated, Boyler failed to point to any chilling effect or other injury. As Boyler has essentially denied that his speech was silenced or chilled, the defendants are entitled to summary judgment on his free speech claim. *See Colombo*, 310 F.3d at 117.

Boyler also challenges the district court's grant of summary judgment to Captain Leo and Detective Lakso on his false arrest and malicious prosecution claims. The district court found that Boyler's claims fail because the defendants had probable cause to charge him. Probable cause is a complete defense to false arrest and malicious prosecution claims under both § 1983 and New York law. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (malicious prosecution); *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (false arrest). A police officer "has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief

4

that the person to be arrested has committed or is committing a crime." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). The information contained in and attached to the criminal complaint— Boyler's constant slurs against Captain Leo, his acknowledgement that Captain Leo might feel harassed, and his statement that Captain Leo "aint [sic] seen nothing yet," Appellees' App. 134— provides probable cause for arrest under the harassment statute despite any non-injurious speech violation. *See Williams*, 535 F.3d at 78-79.

Boyler suggests three reasons why probable cause was lacking, but none are availing. First, he claims that his communication was not transmitted or delivered to Captain Leo as required by the harassment statute, *see* N.Y. Penal Law § 240.30(1)(a) (2012), because he posted the comments on a website and a third party informed Captain Leo about them. The fact that Captain Leo learned of the communication through another is irrelevant. After all, a defendant would clearly be "transmitting" a "written communication," *id.*, if she gave a threatening letter to an intermediary to deliver to the victim. Nor does the fact that Boyler posted his comments on a public website take them outside the statute's ambit. This Court has already affirmed a district court's decision that "the posting of a website" counted as "written communications" and that an arrest warrant thus was "supported by probable cause to believe [the defendant] violated . . . § 240.30(1)(a)." *Pacherille v. Muehl*, 619 F. App'x 18, 19 (2d Cir. 2015) (summary order). Boyler points out that *Pacherille* was a summary order, but it nonetheless buttresses the common-sense view that one may "communicate with a person" indirectly by "transmitting . . . [a] written communication" through a public medium. § 240.30(1)(a).

Second, Boyler argues that there was no evidence that he had the specific intent required by the harassment statute. However, "[a]n assessment of intent frequently depends on circumstantial evidence," and "because the practical restraints on police in the field are greater

5

with respect to ascertaining intent . . . , the latitude accorded to officers considering the probable cause issue in the context of mens rea crimes must be correspondingly great." *Zalaski v. City of Hartford*, 723 F.3d 382, 393 (2d Cir. 2013). The posts attached to the criminal complaint included photos and videos of Captain Leo with disparaging comments about his appearance and character, as well as a post taunting Captain Leo for supposedly complaining that Boyler was harassing him through the site. The defendants certainly had enough evidence to infer that Boyler was writing with the intent (at least in part) to annoy Captain Leo.

Third, Boyler asserts that cases had already limited the harassment statute's reach before his arrest such that it did not apply to political or Internet speech. The cases he cites for this argument all dismissed prosecutions either based on the specifics of the defendants' statements or on grounds unrelated to the content of their speech. *See People v. Mangano*, 796 N.E.2d 470, 471 (N.Y. 2003) (mem. order); *People v. Dupont*, 107 A.D.2d 247, 252 (N.Y. App. Div. 1st Dep't 1985); *People v. Pierre-Louis*, 927 N.Y.S.2d 592, 597 (N.Y. Dist. Ct. 2011); *People v. Yablov*, 706 N.Y.S. 2d 591, 595 (N.Y. Crim. Ct. 2000). Neither the federal nor the state courts had adopted a general narrowing construction of the statute at the time of his arrest. Additionally, since Boyler's arrest was pursuant to a warrant, we "must accord considerable deference to the probable cause determination of the issuing magistrate." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007). As we find that the defendants had probable cause to arrest Boyler, we need not determine whether the individual defendants are also entitled to qualified immunity.

Finally, Boyler seeks damages from the City on his common law claims as a matter of *respondeat superior* liability. As Boyler has waived his assault and battery claims, and as the individual defendants are entitled to summary judgment on his state malicious prosecution and false arrest charges, there are no underlying violations for which to hold the City vicariously liable.

Boyler asserts that the City should remain liable under *respondeat superior* even if the individual defendants are not. Precedent bars this argument. *See Kass v. City of New York*, 864 F.3d 200, 213-14 (2d Cir.), *cert. denied*, 138 S. Ct. 487 (2017).

We have considered all Boyler's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7