**Barbara MONSKY, For Herself And In Behalf Of All Similarly Situated, Plaintiff,**

v.

**Howard J. MORAGHAN, Individually And In His Official Capacity, Defendant.**

**No. 3:96 CV 1951(GLG).**

United States District Court, District of Connecticut.

Jan. 14, 1997.

Nancy Burton, Redding Ridge, CT, for Plaintiff.

Williams, Cooney & Sheehy by Michael C. Deakin, Bridgeport, CT, Goldstein & Peck, P.C. by Dennis M. Laccavole, Bridgeport, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge:

On November 27, 1996, this Court issued a decision in which we granted defendant Howard J. Moraghan's ("Judge Moraghan") motion to dismiss plaintiff Barbara Monsky's § 1983 claim. At that time, we ordered the clerk to enter judgment for defendant. Plaintiff then filed a motion for reconsideration and amendment of judgment in accordance with Fed.R.Civ.P. 59, which we denied on December 10, 1996. Plaintiff now moves to amend the complaint pursuant to 28 U.S.C. § 1653.

■ As a preliminary matter, we note that there is no procedural basis for plaintiff's motion to amend the complaint. Once judgment has been entered, the filing of an amended complaint is not permissible until judgment has been set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b). *National Petrochemical Co. of Iran v. The M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir.1991). Since we denied plaintiff's motion to vacate judgment, plaintiff's instant motion is improper. Furthermore, even if we were to consider plaintiff's motion to amend, her amended complaint fails to correct the jurisdictional defect on which our earlier decision to dismiss, dated November 27, 1996, was based. She simply has not alleged conduct committed under the color of state law as required to sustain a cause of action under 42 U.S.C. § 1983. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1997).

■ A person acts under the color of state law only when using power granted by the state. *Monroe v. Pape,* 365 U.S. 167, 183–186, 81 S.Ct. 473, 482–84, 5 L.Ed.2d 492 (1961). There can be no state action unless the challenged conduct is in some way related to the governmental officer's status or to the performance of his duties. *Martinez v. Colon,* 54 F.3d 980, 987 (1st Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 515, 133 L.Ed.2d 423 (1995). Plaintiff makes the claim that because Judge Moraghan "would not have been in a position to employ his dog in the manner described to sexually harass the plaintiff" but for his vestige of authority from the state, his actions were committed under the color of state law. Plaintiff's assertion simply is wrong. To constitute state action, the conduct "must be related to the state authority conferred on the actor, even though [it may not be] actually permitted by the authority." *Murphy v. Chicago Transit Authority,* 638 F.Supp. 464, 468 (N.D.Ill. 1986).

In *Murphy,* an attorney employed by the Chicago Transit Authority sued fellow employees under § 1983 for sexual harassment at the work place. The issue raised was whether the co-workers acted under color of state law. In finding that the conduct complained of did not constitute state action, the court recognized that "defendants' contacts were made possible only because defendants

478

were given certain state authority, namely CTA staff attorney jobs, and that in the course of exercising their authority, the defendants abused plaintiff in a sexually discriminatory manner." *Id.* at 468. That being said, however, the court found that "the humiliating comments and harassing behavior had nothing to do with, and bore no similarity to, the nature of the staff attorney job," and therefore could not be considered state action. *Id.*

The reasoning of the *Murphy* court applies with equal force here: the mere fact that Judge Moraghan is a judicial officer who is able to have his dog with him in the Courthouse only because of his official position is not sufficient to convert his acts into "state action". *Murphy v. Chicago Transit Authority,* 638 F.Supp. at 468. *See also Polk County v. Dodson,* 454 U.S. 312, 321, 102 S.Ct. 445, 451, 70 L.Ed.2d 509 (1981) (public defenders do not act under color of state law when lawyering; even though state employees, because state does not have authority over their actions); *Delcambre v. Delcambre,* 635 F.2d 407, 408 (5th Cir.1981) (chief of police who assaulted his sister-in-law on the premises of the municipal police station while on duty was not liable under § 1983). Absent indicia that Judge Moraghan's behavior was related to the performance of his governmental activities or to his governmental status, there is no basis for a finding that his conduct was committed under color of state authority. *See Hughes v. Halifax County School Board,* 855 F.2d 183, 186–187 (4th Cir.1988), *cert. denied,* 488 U.S. 1042, 109 S.Ct. 867, 102 L.Ed.2d 991 (1989).

### *CONCLUSION*

Plaintiff's motion to amend is procedurally improper in light of our denial of her motion to vacate pursuant to Fed.R.Civ.P. 59(e). Moreover, plaintiff's amended complaint still fails to allege conduct committed under color of state law. Accordingly, plaintiff's motion to amend the complaint pursuant to 28 U.S.C. § 1653 (Document # 16) is DENIED.

So Ordered.