Barbara MONSKY, for herself and on behalf of all women similarly situated, Plaintiff–Appellant,

v.

Honorable Howard J. MORAGHAN, Defendant–Appellee.

No. 97–7015.

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1997.

Decided Oct. 2, 1997.

Nancy Burton, Redding Ridge, CT, for plaintiff-appellant.

Robert J. Cooney, Williams, Cooney & Sheehy, Bridgeport, CT (Dennis M. Laccavole, Patricia Curtin, Goldstein & Peck, Bridgeport, CT, on the brief), for defendant-appellee.

Before: WINTER, Chief Judge, FEINBERG and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This suit under 42 U.S.C. § 1983, alleging a most unusual set of factual allegations, requires consideration of the "under color of law" element of section 1983 and the sufficiency of a claimed denial of the right of access to a court. The plaintiff, Barbara Monsky, contends that the defendant, Connecticut Superior Court Judge Howard J. Moraghan, violated her constitutional rights by permitting his dog to harass her and other women in the Clerk's office of the State Court while she was endeavoring to examine court files in connection with her state court lawsuit. Monsky appeals from the December 9, 1996, judgment of the District Court for the District of Connecticut (Gerard L. Goettel, Judge), dismissing her federal cause of action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and declining to exercise supplemental jurisdiction over her state law claims. 947 F.Supp. 53 (D.Conn.1996). Though we conclude that the District Court erred in ruling that the plaintiff failed to allege facts sufficient to support her assertion that the defendant acted under color of state law, we nonetheless affirm because the plaintiff has not sufficiently alleged an interference with any federally guaranteed right.

## Background

The complaint, which we must accept as true for purposes of testing its sufficiency, alleges the following circumstances. On at least three occasions in 1995 and 1996, while Monsky was in the Clerk's office of the Danbury Judicial District in connection with then-pending state court civil litigation, Judge Moraghan brought his dog into the office and allowed the dog to approach her. She describes what occurred as follows:

> [T]he dog aggressively nuzzled the plaintiff ... in such a manner that it raised her skirt, poked its snout under her skirt and projected its snout upward toward the plaintiff's crotch.

Complaint ¶ 9. On each occasion the dog repeated the same nuzzling behavior with other women in the office. The defendant stood watching from several feet away, doing nothing to restrain the dog; eventually, the defendant "smirk[ed] as he observed the plaintiff's obvious discomfort," id. ¶ 14, and escorted the dog away without words being exchanged. The plaintiff alleges that she has suffered extreme emotional distress, that the defendant knew or should have known that the dog would single out women in skirts for this behavior, and that the defendant intended to "harass the plaintiff as a woman for exercising her constitutionally protected right of access to the courts." Id. ¶ 23.

The plaintiff, represented by counsel, brought an action pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages, as well as an order enjoining the defendant from bringing his dog to the courthouse.[1] The District Court granted the defendant's motion to dismiss. The Court appeared to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court ruled that the plaintiff had not alleged facts from which it was possible to conclude that the defendant was acting under color of state law or authority. The Court applied the standard used to evaluate Rule 12(b)(6) motions, 947 F.Supp. at 54, but ultimately stated that it was dis-

---

1. Monsky brought this as a putative class action, on behalf of herself and all other women similarly situated. The motion to certify a class was denied for mootness following the Court's dismissal of the underlying action.

missing for lack of subject matter jurisdiction, *id.* at 55.

Thereafter, the plaintiff moved to reconsider the dismissal and to amend the complaint by amplifying the allegations that the defendant acted under color of law. She alleged that a regulation of the Judicial District of Danbury prohibited dogs (except seeing-eye dogs) from the courthouse, and that the defendant had been permitted to have his dog in a position to harass the plaintiff only because of his position as a judge. The District Court denied both motions. *Monsky v. Moraghan*, 950 F.Supp. 476 (D.Conn.1997). With respect to the motion to amend the complaint, the Court held that (1) the motion was not properly before it, since judgment had been entered and the plaintiff had not met the requisites for relief from judgment under Fed.R.Civ.P. 59(e) or 60(b), *id.* at 477, and that (2) even if the Court were to consider the motion to amend, the proposed amendments still failed to allege that the defendant acted under color of state law, *id.* at 477–78.

### Discussion

1. Action Under Color of Law

■■■ Although the District Court said that it was granting the defendant's motion to dismiss pursuant to both Rules 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim), only the latter was appropriately considered in this case. A non-frivolous allegation of a cause of action under federal law suffices to invoke federal court jurisdiction, *see Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), and Judge Goettel did not dismiss the section 1983 claim as frivolous, *see* 947 F.Supp. at 54. Though some courts have considered a deficient allegation of the color-of-law element of section 1983 as a jurisdictional deficiency, *see Diaz v. Laborde*, 872 F.2d 427 (mem.), No. 87–2963, 1989 WL 36808 (9th Cir. April 3, 1989); *Hill v. McKay*, 846 F.2d 71 (mem.), No. 88–6527, 1988 WL 45494 (4th Cir. May 3, 1988); *Robinson v. Bergstrom*, 579 F.2d 401, 404 (7th Cir.1978), we have ruled that the sufficiency of a color-of-law allegation is to be tested under Rule 12(b)(6). *See Albert v. Carovano*, 824 F.2d 1333, 1337–38 (2d Cir.1987), *rev'd in part on other grounds on rehearing*, 851 F.2d 561 (2d Cir.1988) (in banc); *accord Kulick v. Pocono Downs Racing Association, Inc.*, 816 F.2d 895, 897–99 (3d Cir.1987); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 279–80 (7th Cir.1986); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346–48 (5th Cir.1985); *Nichols v. Tower Grove Bank*, 497 F.2d 404, 406 (8th Cir.1974).

■■■ To act under color of state law or authority for purposes of section 1983, the defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)); *see also Wyatt v. Cole*, 504 U.S. 158, 161, 112 S.Ct. 1827, 1829, 118 L.Ed.2d 504 (1992) ("The purpose of § 1983 is to deter state actors from using the *badge of their authority* to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.") (emphasis added). Moreover, "[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he *abuses* the position given to him by the State." *West*, 487 U.S. at 49–50, 108 S.Ct. at 2255–56 (emphasis added) (citation omitted). It is "axiomatic that under 'color' of law means 'pretense' of law and that acts of officers in the ambit of their personal pursuits are plainly excluded." *Pitchell v. Callan*, 13 F.3d 545, 547–48 (2d Cir.1994) (citation and internal quotation marks omitted).

The complaint does not allege the typical actions of a state judicial officer that would plainly fall within the ambit of actions taken under color of law. These would include actions taken in the course of presiding at a trial or rendering judgments. Moreover, some actions by a judge are taken without any relationship to the judge's office or authority, and are therefore not taken under color of law. *Cf. Parrilla–Burgos v. Hernandez–Rivera*, 108 F.3d 445, 450 (1st Cir.1997) (police officer not on shift duty did not act under color of state law in telling another

patron in a bar that as a police officer he could "look dirty" at whomever he pleased).

■ In this case, however, the plaintiff alleges that the defendant was acting within the courthouse and, more importantly, was enabled to take the alleged actions only because of his judicial status. The allegations of the complaint would permit the plaintiff to prove that ordinary citizens were not permitted to bring their dogs into the Clerk's office (except for blind persons using seeing-eye dogs), that Judge Moraghan was known to, and deferred to by, personnel of the office, and that he was allowed to enter the office with his dog and remain there during the alleged episodes because he was a judge. Such proof would permit a finding that the Judge's alleged actions were taken under color of state law or authority.

Our conclusion draws support from *Harris v. Harvey*, 605 F.2d 330 (7th Cir.1979), and *United States v. Tarpley*, 945 F.2d 806 (5th Cir.1991). In *Harris*, the Seventh Circuit ruled that a judge acted under color of law when he wrote defamatory letters on official stationery. 605 F.2d at 337. In *Tarpley*, the Fifth Circuit ruled that an off-duty deputy sheriff acted under color of state law when he assaulted his wife's former lover, identifying himself as a police officer and telling his victim that he could get away with it because he was a cop. Both cases involved abuse of authority. Official status enabled the defendant in *Harris* to commit the defamation, 605 F.2d at 337 ("Judge Harvey was acting under color of law by using the power and prestige of his state office"), and was asserted by the defendant in *Tarpley* to have permitted his committing the assault without accountability, 945 F.2d at 809 (defendant "claimed to have special authority for his actions by virtue of his official status").

Cases such as *Martinez v. Colon*, 54 F.3d 980 (1st Cir.1995), *Hughes v. Halifax County School Board*, 855 F.2d 183 (4th Cir.1988), and *Murphy v. Chicago Transit Authority*, 638 F.Supp. 464 (N.D.Ill.1986), are distinguishable. In those cases, state employees who harassed their fellow employees were held not to have acted under color of law. As the Fourth Circuit explained in *Hughes*, since the plaintiff and the defendants were all relatively low-level maintenance workers and none had authority over any other, the defendants had abused no "authority" in harassing plaintiff. *See Hughes*, 855 F.2d at 186–87. By contrast, Judge Moraghan's authority is alleged to have contributed significantly to the conduct of which the plaintiff complains. Though he is not alleged to have explicitly asserted his authority, the allegations permit the inferences that courthouse staff tolerated the alleged conduct only because of the Judge's role and that the Judge implicitly invoked the power and prestige of his office.

## 2. The Substantive Rights Allegedly Infringed

Although the complaint satisfies plaintiff's burden of alleging that the defendant was acting under color of state law, it fails to adequately allege a substantive violation of a federally guaranteed right.

■ The gravamen of the plaintiff's complaint is that the conduct of the defendant and his dog "interfered with the plaintiff's constitutionally protected right of access to the courts." Complaint ¶ 22. It is well established that all persons enjoy a constitutional right of access to the courts, although the source of this right has been variously located in the First Amendment right to petition for redress, the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Morello v. James*, 810 F.2d 344, 346 (2d Cir.1987); *see also Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir.1986) (collecting cases). The right of access to courts extends beyond mere physical access to a courtroom and a judge. For instance, the right of access may include affording prisoners who are preparing legal papers "adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), at least for those challenging their sentences or the conditions of confinement, *see Lewis v. Casey*, — U.S. ——, ——, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).

■ In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused "actual injury," *id.* at ——, 116 S.Ct. at 2179, *i.e.,* took or was responsible for actions that "hindered [a plaintiff's] efforts to pursue a legal claim," *id.* at ——, 116 S.Ct. at 2180. As the Supreme Court has explained, the requirement of actual injury "derives ultimately from the doctrine of standing." *Id.* at ——, 116 S.Ct. at 2179.

■ Plaintiff appears to argue that her right of access to the courts was violated because the harassing conduct committed or at least tolerated by Judge Moraghan burdened her ability to freely remain in the Clerk's office and consult materials relevant to her pending civil litigation. Plaintiff does not allege, however, that she cut short her visits to the Clerk's office or decided against returning on some future occasion. Nor does she claim that the defendant's behavior caused any prejudice to her pending state-court litigation. The only consequences she alleges are suffering "extreme emotional distress," Complaint ¶ 16, and being "frighten[ed], shock[ed], humiliate[d] and vex[ed]," *id.* ¶ 24. At oral argument of this appeal, Monsky's counsel acknowledged that the alleged episodes had not caused prejudice to her litigation interests. Counsel stated that the defendant's behavior had affected Monsky's pursuit of litigation only by disturbing her as she consulted materials in the Clerk's office, thereby increasing the time needed to complete the task of reviewing those materials.

We do not doubt that hostile action toward a litigant could be so offensive as to effectively drive the litigant out of a courthouse and thereby become the functional equivalent of a denial of access. *Cf. Chertkova v. Connecticut General Life Insurance Co.,* 92 F.3d 81, 89 (2d Cir.1996) (constructive discharge from employment). And the plaintiff may well have experienced the emotional distress and humiliation that she has alleged. However, though these effects, if proven, might be consequential damages components of a section 1983 claim in which actual injury to court access was sufficiently alleged, they are not the type of actual injury that gives rise to a constitutional claim of denial of access to the courts.

The inadequacy of the plaintiff's court access claim renders her entire federal cause of action insufficient to survive a motion to dismiss. The complaint specifically alleges that the defendant's conduct denied the plaintiff her right of access "and *thereby* deprive[d] her of her constitutionally protected rights to due process, equal protection of the law, and First Amendment liberties." Complaint, ¶ 23 (emphasis added). The other constitutional deprivations are all alleged to be entirely derivative of the access claim, which we have ruled deficient. The "thereby" link between the deficient court access claim and the other constitutional deprivations is explicitly repeated in paragraph 25 of the complaint. The amended complaint repeats paragraphs 23 and 25 of the original complaint verbatim. Both were drafted by competent counsel. With the failure of the federal claims, the District Court properly declined to exercise supplemental jurisdiction over Monsky's state law claims for intentional infliction of emotional distress and for violation of Connecticut's "dog bite" statute, Conn. Gen.Stat. § 22-357.

### Conclusion

The District Court erred in dismissing the action on the ground that the plaintiff had failed to allege that the defendant acted under color of state law. However, because the plaintiff's pleading of a violation of a constitutionally protected right is insufficient, we affirm.