[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion filed May 13, 1999, the plaintiffs, Rose Lombardi and the Lombardi Rest Home, Inc., move for an articulation wherein this court states the reasons and basis of its decision, dated May 3, 1999, granting summary judgment to the defendants, Gary Richter and Maria Ludena.
The defendants moved for summary judgment on the ground that there is no genuine issue of material fact that the plaintiffs' complaint failed to state a cause of action. The plaintiffs' complaint was brought under the authority of Sections 1983 and 1988 of Title 42 of the United States Code and alleged a violation of the plaintiffs' rights under the first amendment to the United States constitution.[1] Specifically, the plaintiffs alleged that the defendants conditioned payment to the plaintiffs at a higher rate, upon the plaintiffs' signing a written waiver of their right to appeal prior methods of computing payment rates. The plaintiffs alleged that such a waiver violated theirfirst amendment right to petition for redress of grievances and of access to the courts.
"In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused actual loss . . . [that the defendant] took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." (Citations omitted; internal quotation marks omitted.)Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997), cert. denied, 119 S.Ct. 66, 142 L.Ed.2d 52 (1997), citing Lewis v.Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 " (1996). See Swekel v. City of River Rouge, 119 F.3d 1259, 1263
(6th Cir. 1997), cert. denied., 118 S.Ct. 690, 139 L.Ed.2d 636
(1997) (finding that access to court claim may be established by showing that defendants' actions foreclosed the plaintiff from filing suit in state court or rendered ineffective any state court remedy plaintiff may have had).
The plaintiffs do not allege that the defendants interfered with their efforts to have their grievances heard. They do not allege that they failed to file an appeal because of some act by the defendants. Indeed, the complaint is bereft of any explanation for why the plaintiffs failed to file an appeal.
As the defendants have established that is no genuine issue of material fact as to the plaintiffs' failure to state a cause of action for a first amendment violation of their right to CT Page 7874 access to court and to petition for redress, the defendants are entitled to judgment as a matter of law.[2]
Accordingly, the defendants' motion for summary judgment is granted.
BY THE COURT
Ronald J. FracasseJudge of the Superior Court