11-2337-pr
Pacheco v. State of Conn., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:

> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> J. CLIFFORD WALLACE,[*]
> *Circuit Judges.*

---

DIOSDARDO PACHECO,

> *Plaintiff-Appellant,*

> v.                                    No. 11-2337-pr

STATE OF CONN., DEPT. OF JUSTICE
GA#4, CITY OF WATERBURY, MAYOR
MICHAEL J. JARJURA,

> *Defendants-Appellees.*[**]

---

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the case caption to read as shown above.

FOR PLAINTIFF-APPELLANT:        Diosdardo Pacheco, *pro se*, Enfield, Connecticut.

FOR DEFENDANTS-APPELLEES:        No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Appellant Diosdardo Pacheco, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A of his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Under 28 U.S.C. § 1915A, district courts must screen any complaint brought by a prisoner against governmental entities, officers, or employees, and dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). This Court reviews a district court's section 1915A dismissal *de novo*. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In his complaint, Pacheco alleges that prison officials denied him access to the courts in violation of his constitutional rights. In support, Pacheco claims that after filing a complaint in Hartford Superior Court in 2010, he attempted to call the Superior Court several times to confirm that his complaint had been received, but was able only to reach an answering machine. He alleges that prison counselors were responsible for his inability to reach the Superior Court. As defendants, Pacheco named the State of Connecticut, Department of Justice Geographical Area #4, the City of Waterbury, and former Waterbury Mayor Michael Jarjura.

Pacheco's submissions to this Court do not challenge the district court's dismissal of his claim that he was deprived of his right of access to the courts. Instead, they address a variety of other issues unrelated to those stated in his complaint. Accordingly, Pacheco has waived any challenge to the district court's dismissal of his case. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, we hold there is no error in the district court's decision. The State of Connecticut cannot be sued under 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), nor can Department of Justice Geographical Area #4, since it is a state agency, *see Komlosi v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995). Because Pacheco fails to allege any facts suggesting that the City of Waterbury or Michael Jarjura were involved in depriving him of access to the courts, his complaint fails to state a claim against either.

Pacheco also fails to assert a cognizable claim with respect to his allegation that prison officials not named as defendants deprived him of access to the courts. A plaintiff asserting a claim for a violation of his right of access to the courts "must demonstrate that a defendant caused actual injury," meaning that the defendant "took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (internal quotation marks and alteration omitted). Pacheco fails to plead facts from which we can draw a reasonable inference that prison officials were responsible for his inability to reach the Superior Court by telephone; he also fails to plead any facts suggesting that he was injured as a result of his inability to confirm that the Superior Court had received his complaint. We thus affirm the dismissal for substantially the reasons stated by the district court in its thorough May 2011 decision.

To the extent that Pacheco attempts to assert, in the papers he has submitted to this Court on appeal, claims that he did not assert in the district court, his new claims are not properly before us. *See, e.g.*, *Sales v. Harris*, 675 F.2d 532, 540 (2d Cir.), *cert. denied*, 459 U.S. 876 (1982). We have considered all of Pacheco's contentions that are properly before us and have found them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4