13-959-cv
*Doe v. Waraksa*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand fourteen

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

JANE DOE, acting as next best friend of her
three minor children,

        *Plaintiff,*

JOHN DOE 1,

        *Plaintiff-Appellant,*
                v.                                          No. 13-959-cv

PETER WARAKSA, MARY BUCKLEY, TOWN OF
EAST WINDSOR,

        *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                KYLE R. PAVLICK, Cranmore,
                                            FitzGerald & Meaney, Hartford, CT.

**FOR DEFENDANT-APPELLEE WARAKSA:**  Jeffrey A. Fritz, Fisher & Phillips LLP, Boston, MA.

**FOR DEFENDANT-APPELLEE BUCKLEY:**  CLAUDIA A. BAIO, Howard, Kohn, Sprague & FitzGerald, LLP, Hartford, CT (Joseph M. Busher, Jackson O'Keefe, Hartford, CT, *on the brief*).

**FOR DEFENDANT-APPELLEE TOWN OF EAST WINDSOR:**  BEATRICE S. JORDAN, Howd & Ludorf LLC, Hartford, CT.

Appeal from a February 13, 2013 decision of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

John Doe I ("Doe I") appeals the District Court's entry of summary judgment denying a claim brought by his mother, Jane Doe, on behalf of Doe I and her two other minor children, pursuant to 42 U.S.C. § 1983, against defendants Peter Waraksa, Mary Buckley, and the Town of East Windsor.[1]  Doe I's Section 1983 claim seeks damages arising out of the sexual abuse he suffered at the hands of Peter Waraksa, a volunteer with the Town of East Windsor Emergency Management Agency ("Agency"), while Doe I was a member of the Agency's youth cadet program. The District Court concluded that Waraksa was not acting under color of state law during the attacks, and entered judgment for the defendants on that ground.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* an order granting summary judgment, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010).  We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir. 2002).

"Pursuant to section 1983, anyone acting under color of any [state] statute, ordinance, regulation, custom, or usage, who causes a United States citizen to be deprived of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (internal quotation marks omitted, alteration in original).  "To act under color of state law or authority for purposes of section 1983, the defendant

---

[1] Upon granting summary judgment to defendants on the claim brought under 42 U.S.C. § 1983, the District Court declined to exercise supplemental jurisdiction over plaintiff's state law claims.

must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks omitted). To be properly considered as an act taken under color of law, the defendant must have "abuse[d] the position given to him by the State," but "acts of officers in the ambit of their personal pursuits are plainly excluded." *Id.* (internal quotation marks and citations omitted).

Doe I claims that the District Court erred in its "color of law" analysis, because the Court determined that to act under color of law, there must be "some active and deliberate abuse or misuse of state power" by the defendant, which requires "an[ ] affirmative act . . . to assert his authority under state law." *Doe v. Waraksa*, No. 3:06-cv-1262(VLB), 2013 WL 597800, at *8-9 (D. Conn. Feb. 13, 2013). Doe contends that this was erroneous, because the case law shows that "a state actor does not need to make some overt or explicit threat of his authority," Pl. Br. at 24-25, and that it would have sufficed if the District Court had considered Doe I's objective awareness that Waraksa was a state actor, Doe I's subjective belief that that Waraksa had authority over him, and whether or not that objective knowledge and subjective belief led to the misconduct. *Id.* at 28.

The cases relied upon by Doe I in making his argument are distinguishable from the circumstance at bar, and do not establish any error in the District Court's analysis. In *Monsky*, we held that a judge acted under color of state law, even though he never explicitly invoked his state authority, because "the allegations permit the inferences that courthouse staff tolerated the alleged conduct only because of the Judge's role and that the Judge implicitly invoked the power and prestige of his office." 127 F.3d at 246. In so holding, we specifically noted that the alleged conduct took place in the courthouse, and that the alleged conduct was only possible because of the Judge's official status. *Id.*

Similarly, in *United States v. Giordano*, we held that the Mayor of Waterbury, Connecticut had acted under color of law when he engaged in sexual misconduct with underage girls. 442 F.3d 30 (2d Cir. 2006).[2] In reaching our conclusion, we established that the Mayor had "threatened his victims by invoking a 'special authority' to undertake retaliatory action" and had "used his authority to . . . caus[e] the victims to fear that he would use his power to harm them if they reported the abuse." *Id.* at 45.

Doe I also relies upon *United States v. Temple*, where we held that an IRS agent's threats to audit two police officers who were arresting her were made under color of law, because "there was a specific and direct threat under the guise of apparent authority" and the officers "had no reason to doubt that she would carry out her threats." 447 F.3d 130, 138-39 (2d Cir. 2006).

Based on our review of the record and the relevant case law, including the cases described above and relied on by Doe I, we conclude that the District Court did not err in its color of law analysis. We also conclude that the District Court properly granted summary judgment for defendants, substantially for the reasons articulated by the District Judge in her decision of February 13, 2013.

---

[2] The *Giordano* analysis was conducted pursuant to a claim brought under § 242, but we noted that the analysis would be the same as for a claim brought pursuant to 42 U.S.C. § 1983. 442 F.3d at 42 n.16.

## CONCLUSION

We have considered all of Doe I's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the February 13, 2013 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk