14-4767
Oliva, et al v. Town of Greece

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand fifteen.

Present:

> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> SIDNEY H. STEIN,
> *District Judge.**

_____

NICHOLAS OLIVA, ET AL.,

      *Plaintiffs-Appellants,*

      v.                                      14-4767-cv

TOWN OF GREECE, NY, ET AL.,

      *Defendants-Appellees.*

_____

For Plaintiffs-Appellants:        R. BRIAN GOEWEY, Rochester, NY

For Defendants-Appellees:        For Town of Greece, Merritt Rahn, John Auberger, and John Doe: JOSEPH B. RIZZO, Gallo & Iacovangelo, LLP,

---

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

1

Rochester, NY; for Brian Ball: CHRISTIAN C. CASINI, Osborn, Reed & Burke, LLP, Rochester, NY

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On July 22, 2013, the Plaintiffs-Appellants, Nicholas and Cynthia Oliva ("Plaintiffs"), filed the underlying complaint in the Western District of New York (Geraci, *J.*) against the Defendants-Appellees, the Town of Greece, Merritt Rahn, John Auberger, Brian Ball, and John Doe ("Defendants"). The Plaintiffs asserted claims under 42 U.S.C. §1983, alleging that the Defendants had violated their constitutional right of access to courts by recklessly or intentionally failing properly to investigate the tragic death of their young daughter, Stephanie Oliva, in an automobile accident. On December 1, 2014, the District Court granted the Defendants' motion to dismiss, with prejudice. The Plaintiffs now appeal this dismissal. For the reasons stated below, we affirm the District Court's dismissal of the complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal in this case.

"We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011). When evaluating a motion to dismiss, a reviewing court must "draw all reasonable inferences in [the] Plaintiffs' favor, 'assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). However, a court need not accept legal conclusions in a complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); thus, "a complaint that merely 'tenders naked assertions devoid of further factual enhancement' fails to" survive a motion to dismiss, *Gallop*, 642 F.3d at 368 (quoting *Iqbal*, 556 U.S. at 678). "In

2

determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). Ultimately, the inquiry in a motion to dismiss is a "context-specific" examination of whether a plaintiff has alleged a "plausible," and not just a possible, claim for relief. *Iqbal,* 556 U.S. at 679.

In dismissing the Plaintiffs' complaint, the District Court relied on our holding in *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012), that, assuming *arguendo* that such a claim is otherwise viable in this Circuit, "when a plaintiff in a backward-looking access suit alleges that the government concealed or manipulated relevant facts, the claim may not proceed if the plaintiff was, at the time of the earlier lawsuit, aware of the facts giving rise to his claim." *See also id.* ("The viability of backward-looking right-of-access claims is far from clear in this Circuit . . . ."). The District Court suggested, relying on this holding, that "the Plaintiffs['] case cannot proceed because the Plaintiffs were not 'completely foreclosed' from commencing a wrongful death action regarding Stephanie's death for one simple and undeniable reason: they actually brought such an action in New York State Supreme Court." *Oliva v. Town of Greece, NY*, 71 F. Supp. 3d 368, 374 (W.D.N.Y. 2014) (quoting *Sousa*, 702 F.3d at 128 (quoting *Broudy v. Mather,* 460 F.3d 106, 120 (D.C. Cir. 2006))). In some circumstances, it may be that merely filing or bringing the underlying claim is dispositive on the issue whether a plaintiff may plausibly allege a backwards-looking access to courts claim. *But see Christopher v. Harbury*, 536 U.S. 403, 414 (2002) ("The official acts claimed to have denied access may allegedly have caused the *loss or inadequate settlement* of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief . . . ." (emphasis added) (citations omitted)). We need not decide the case

3

on this ground. Assuming, *arguendo*, that backwards-looking access to courts claims are otherwise viable in this Circuit, we affirm, instead, on the basis that the Plaintiffs have failed to allege "the requisite injury *resulting* from the [alleged government misconduct] to state a right-of-access claim." *Sousa*, 702 F.3d at 130 (emphasis added).

To succeed on an access to courts claim, a plaintiff must show that the defendant caused the plaintiff injury or, put less succinctly, that the defendant took or was responsible for actions that had the actual effect of frustrating the plaintiff's effort to pursue a legal claim. *See id.* at 129-30; *see also Harbury,* 536 U.S. at 415 ("[T]he [access] right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (discussing this actual injury requirement); *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) ("In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" (citation omitted) (quoting *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996)) (alteration in original)). Here, the Plaintiffs allege in their complaint that "the reckless or intentional failure [of the Defendants] to investigate the fatal accident . . . prevented plaintiffs from obtaining damages from the other parties whose actions may have contributed to the collision such as the entities who were working on . . . Route 104," J.A. 26-27, ¶ 128**,** and that "[a]s the direct and proximate result of defendants' actions, plaintiffs have been deprived of their full ability to prove the extent of their damages in a civil action against the drivers of the vehicles involved in the accident," J.A. 27, ¶ 129. These conclusory assertions, which are undercut by other allegations in the complaint, appended to it, or incorporated within it, are not sufficient to plausibly allege causation.

The Plaintiffs accepted a settlement of $50,000 from Charles Kenyon (the driver of the car

4

in which Stephanie was a passenger), representing the maximum limit permitted by Kenyon's insurance policy. The Plaintiffs then received additional compensation through a Supplementary Underinsured Motorist claim, in the amount of $50,000 plus interest (for a total of $67,625). Though the Plaintiffs argue that this award was "[in]adequate," Plaintiff Br. at 37, they have alleged no facts sufficient to make it plausible that – inadequate or no – the amount of the award turned on any acts or omissions of the Town of Greece Police Department (the "GPD"). Indeed, the plausibility of the Plaintiffs' allegation is belied by the details of the arbitration itself. As a result of the settlement and arbitration, the Plaintiffs released Kenyon and the insurance companies from further liability, and the Plaintiffs allege no facts sufficient to make it plausible that they agreed to this settlement as a result of any acts or omissions of the GPD. The Plaintiffs also filed two wrongful death suits against Anthony DeCarlis, the second driver, in New York Supreme Court, and one of those suits was struck from the court's calendar for failure to file a timely note of issue.

While there does not seem to be any question that the police investigation was deficient, the Plaintiffs knew the identities of the drivers and, with the assistance of counsel, brought claims against both of them. They have not alleged sufficient facts to make it plausible that the outcome of any of these claims – adequate or otherwise – turned on the acts or omissions of the police. To the extent that the Plaintiffs now suggest that their pursuit and resolution of their claims against the drivers was adversely affected by the performance of prior counsel, such contentions point to potential claims for legal malpractice but belie the plausibility of the Plaintiffs' constitutional claims against the town and the police department.

Finally, the Plaintiffs allege in their complaint that the Defendants' conduct "has prevented plaintiffs from obtaining damages from the other parties whose actions may have contributed to

the collision such as the entities who were working on the Route 104 reconstruction project." J.A. 26-27, ¶ 128. In *Harbury*, the Supreme Court noted the following:

> Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant. Although we have no reason here to try to describe pleading standards for the entire spectrum of access claims, this is the place to address a particular risk inherent in backward-looking claims. Characteristically, the action underlying this sort of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely on the details of the predicate action.

> Hence the need for care in requiring that the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.

*Harbury*, 536 U.S. at 416 (footnote and citation omitted). The Plaintiffs' conclusory allegation that the Defendants' conduct has prevented them from obtaining damages from "other parties whose actions may have contributed to the collision" is not supported by sufficient alleged facts to meet the pleading requirements for an underlying claim articulated in *Harbury*.

In short, the Plaintiffs have failed to plead facts sufficient to suggest that, insofar as they have failed to recover adequate damages on their hypothetical or actual wrongful death suits, that failure may be attributed to any acts or omissions of the Defendants. As such, they have not successfully set forth a necessary component of an access claim: injury caused by the Defendants' conduct. *See Sousa*, 702 F.3d at 130.

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6