*Byvalets v. 1053 Owners Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-three.

PRESENT:

> GERARD E. LYNCH,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

Marko Byvalets,

> *Plaintiff-Appellant,*

> v.                                        22-2766

1053 Owners Corporation, Cornerstone Group Management,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     Marko Byvalets, pro se, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**     Joshua R. Bronstein, Joshua R. Bronstein & Associates, PLLC, Port Washington, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this order.

Pro se Appellant Marko Byvalets sued 1053 Owners Corporation and Cornerstone Group Management for violating his federal and state constitutional rights, as well as federal criminal law, by installing and operating video cameras in his apartment building. Byvalets paid the filing fee. The district court dismissed his amended complaint sua sponte without prejudice for lack of subject-matter jurisdiction, denied leave to amend as futile, and entered judgment. *See*

2

*Byvalets v. Cornerstone Grp. Mgmt.*, No. 22-CV-5010 (ENV), 2022 WL 4662264 (E.D.N.Y. Sept. 30, 2022). Byvalets timely appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

Because Byvalets proceeds pro se, we liberally construe his brief to raise the strongest arguments it suggests. S*ee Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022). Byvalets argues, among other things, that he was deprived of due process by the way the district court disposed of his complaint.

A district court may dismiss a complaint sua sponte "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal quotation marks omitted). Failure to provide such notice and opportunity to be heard can "by itself" be "grounds for reversal." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) (quoting *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985)). A dismissal without notice deviates from "the traditions of the adversarial system" and often produces the "very effect [it] seek[s] to avoid—a waste of judicial

resources—by leading to appeals and remands." *Id.* at 82 (internal quotation marks omitted).

Here, the district court dismissed Byvalets's complaint sua sponte without providing any advance notice that it was contemplating doing so. Nor was Byvalets otherwise on notice of any potential defects in his operative complaint. Defendants had not moved for dismissal and had instead filed only a verified answer that did not mention the ground—lack of state action—on which the district court ultimately relied for dismissal.

When a court dismisses without prior notice for lack of subject-matter jurisdiction, the defect must be "unmistakably clear." *Catzin*, 899 F.3d at 82. Here, however, Byvalets properly invoked the court's subject-matter jurisdiction by bringing federal constitutional tort claims under 42 U.S.C. § 1983. Although the district court reasoned that Byvalets failed to plead that Defendants acted under color of state law, *see Byvalets*, 2022 WL 4662264, at *2 & n.1, the "sufficiency of a color-of-law allegation" is a merits defect "to be tested under Rule 12(b)(6)," not a "jurisdictional deficiency." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997).

The district court should have provided Byvalets notice and an opportunity to respond before dismissing his complaint. *See, e.g.*, *Brookins v. Figuccio*, No. 22-731, 2023 WL 2579043, at *2 (2d Cir. Mar. 21, 2023); *Phillips v. Long Island R.R. Co.*, No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023); *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023).

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5