*Jordan v. Chiaroo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

———————————————————————

Victor L. Jordan, Sr.,

> *Plaintiff-Appellant,*

v.                                                          24-2397

Chiaroo, Mail Super, Mary, Anthony Sariani, King, Counselor, Edge, C/O, John Doe, Property Officer,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Victor L. Jordan, Sr., *pro se*,
                                            Cheshire, CT.

FOR DEFENDANTS-APPELLEES:                   No appearance.


Appeal from a judgment of the United States District Court for the District

of Connecticut (Bolden, *J.*).


UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,

ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Plaintiff-Appellant Victor L. Jordan, Sr. ("Jordan"), *pro se* and incarcerated,

appeals from a judgment of the United States District Court for the District of

Connecticut (Bolden, *J.*) *sua sponte* dismissing his amended complaint. Jordan

alleged that officials at three Connecticut prisons (1) lost several boxes of his legal

materials, along with other personal property; (2) refused to e-file documents with

the court on his behalf; (3) failed to ensure he timely received notices of electronic

filing ("NEFs"); (4) opened legal mail outside of his presence on one occasion; and

(5) filed a false report and placed him in solitary confinement in retaliation for his

legal action. The district court construed Jordan's allegations as seeking to raise

claims under 42 U.S.C. § 1983 for denial of access to the courts, interference with legal mail, and deprivation of property, but concluded that Jordan failed plausibly to allege any of these claims. *See Jordan v. Chiaroo*, No. 3:24-CV-204, 2024 WL 1493170 (D. Conn. Apr. 5, 2024), *reconsideration denied*, No. 3:24-CV-204, 2024 WL 2104507 (D. Conn. May 10, 2024); *Jordan v. Chiaroo*, No. 3:24-CV-204, 2024 WL 3925375 (D. Conn. Aug. 23, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Because Jordan "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## I.      Denial of Access to the Courts

First, the district court correctly concluded that Jordan failed to state a claim for denial of access to the courts. "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997)

3

(quoting *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996)). Therefore, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In his amended complaint, Jordan explained that "Counselor King" refused to e-file documents on his behalf, seemingly on multiple occasions. However, he did not describe the case (or cases) for which he sought to file the documents, or how her refusal to file the documents negatively impacted his attempts to litigate. Even crediting Jordan's new assertions on appeal—that the defendants' actions prevented him from responding to time-sensitive rulings on multiple occasions and resulted in adverse outcomes in two habeas proceedings—he has still failed to link King's failure to file his documents to these alleged injuries with any specificity. Because Jordan did not allege actual injury caused by King's refusal to e-file his documents, he failed sufficiently to allege a denial-of-access claim against her.

The denial-of-access allegations against Correctional Officers Sariani, Torres, and Crespo were similarly deficient. In his amended complaint, Jordan merely alleged that the delayed delivery of NEFs "hinder[ed] [his] ability to have

4

unobstructed access to the court" and "prevent[ed] [him] from being able to litigate properly." D. Ct. Dkt. No. 15 at 4. These allegations were too vague and conclusory to establish an "actual injury." *Monsky*, 127 F.3d at 247 (quoting *Lewis*, 518 U.S. at 349).

## II. Interference with Legal Mail

"In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). However, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* "Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." *Id.* (internal quotation marks omitted). For this reason, the district court correctly dismissed Jordan's claim premised on a single allegation of mail having been opened outside his presence, which he did not allege caused him any harm.[1]

---

[1] The district court also considered the possibility that Jordan's allegations regarding the delayed delivery of NEFs, discussed above, could be construed as a claim of interference with the "free flow of incoming legal mail." *Jordan*, 2024 WL 1493170, at *5 (internal quotation marks omitted). It correctly concluded, however, that any such claim would fail for the same reason as Jordan's corresponding denial-of-access claim: he failed to present any non-conclusory allegations of actual injury. *Id.*

### III.   Fourteenth Amendment Deprivation of Property

Likewise, the district court did not err in concluding that Jordan failed to state a Fourteenth Amendment deprivation of property claim.  A prisoner's due process rights are not violated by the unauthorized deprivation of property by the state if the state makes available "a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Connecticut provides inmates with a remedy for lost or destroyed property.  *See* Conn. Dep't Corr. Admin. Directives 6.10(37), 9.6(9); Conn. Gen. Stat. § 4-142; *see also Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018).  And Jordan has not established that this remedy is inadequate.[2]  Therefore, the district court properly concluded that Jordan failed to allege a violation of his due process rights.

### IV.   First Amendment Retaliation

Jordan's amended complaint might also be construed as attempting to state

---

[2] Jordan contends on appeal that if he had filed a lost property claim regarding his legal materials, "it would have been rejected."  Appellant's Br. at 13.  However, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson*, 468 U.S. at 533.  And Connecticut has not "refuse[d]" to entertain Jordan's lost property claim, nor is it clear from the terms of its Administrative Directives that it would do so.  *Id.*  Accordingly, Jordan has failed to establish that no "meaningful postdeprivation remedy for the loss is available."  *Id.*

a § 1983 claim for First Amendment retaliation. However, Jordan has not argued on appeal that the district court should have interpreted his amended complaint in this way. "Although *pro se* litigants are afforded some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted).

\*       \*       \*

We have considered Jordan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court